■ EDWARD WINTERS, Appellant, v MAIN LLC et al., Respondents, et al., Defendant. LC MAIN, LLC, et al., Third-Party Plaintiffs-Respondents, v ROGER & SONS CONCRETE, INC., Third-Party Defendant-Respondent. [947 NYS2d 418]—

Order, Supreme Court, New York County (Debra A. James, J.), entered May 20, 2011, which, to the extent appealed from, granted defendants LC Main, LLC and George A. Fuller Company Inc.'s motion for summary judgment dismissing the complaint as against them, granted third-party defendant Roger & Sons Concrete, Inc.'s motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for partial summary judgment on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff testified that he lost his footing on a scaffold platform, causing a pipe he had been handed to slip downward in his hands, and that when he reached forward to grab the pipe, he felt a sharp pain in his back. He testified further that he did not know why he lost his footing; the scaffold did not shake or move, and there was no debris on the platform.

This evidence demonstrates as a matter of law that plaintiff's injuries were caused not by a failure to provide adequate protection against an elevation-related risk but by an accident arising from a routine workplace risk (see Labor Law § 240 [1]). Nor were plaintiff's injuries caused by a failure to comply with any of the Industrial Code (12 NYCRR) provisions he cited in support of his Labor Law § 241 (6) claim, since the scaffold on which he was standing never moved, he never fell, and no hoisting equipment was in use. As to plaintiff's Labor Law § 200 and common-law negligence claims, his testimony demonstrates that his injuries were not caused by any unsafe condition of the work site, and his and other witnesses' testimony that hand assembly was the standard method of scaffold construction

demonstrates that his injuries were not caused by the way in which he performed his work. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ. **[Prior Case History: 2011 NY Slip Op 31553(U).]**